UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KENDALL WARNER, KENNY TARVER, LaTROY RAY, EUGENE HOPE, DARNELL WATKINS, SHERWIN JOHNSON, MELVIN WHITING,.         Plaintiffs,         v. STATE OF INDIANA, LAKE COUNTY, VISA, MASTERCARD, AMERICAN EXPRESS, GOOGLE, INC., *et al.*,[1]         Defendants. | No. 2:14 CV 60 |

**OPINION AND ORDER**

Kendall Warner, Kenny Tarver, LaTroy Ray, Eugene Hope, Darnell Watkins, Sherwin Johnson and Melvin Whiting, acting *pro se*, have filed a complaint without paying a filing fee. The main thrust of the complaint is that they have been wrongfully required by state authorities to register as violent sex offenders, and their status as such has been published on various websites, the owners of those websites demanding payment for removal.

The court is empowered to "authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without

---

[1] The court uses "*et al.*" in the caption to refer to a number of individuals who are not named in the caption, but who are listed in the body of the complaint and for whom summons have been requested. This makes their status as potential parties unclear. *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005); *Ordower v. Feldman*, 826 F.2d 1569, 1570 (7th Cir. 1987).

prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] . . . possesses [showing] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The problems start there, because only plaintiff Warner has filed the necessary affidavit. Therefore, the court cannot authorize the remaining plaintiffs to commence the suit without paying their filing fees.

The problems don't end there, however. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless,

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action  . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). In evaluating whether a complaint is frivolous for purposes of this statute, the court need not "accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992). Instead, the statute "accords judges not only the authority to dismiss a claim based on an undisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim

has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id*. at 680. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (quotation marks, citations and footnote omitted). "[I]n considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal* 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than

3

putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

There are numerous problems with the complaint filed by the seven plaintiffs, the court will describe but a few. To begin, although all seven have signed it, it seems unlikely that the allegations in it could apply identically and equally to each. Even if all were convicted of being in a conspiracy together (and doing its own computer-assisted research, the court can find no such case[2]), other allegations in the complaint are individualized, *e.g.*, "I wrote on their website page and asked them to remove this malicious information." (DE #1 at 2, ¶ 1.) The complaint doesn't specify which defendant's website this means, nor which plaintiff did so. The court simply has no way to determine which allegations in the complaint apply to which plaintiff.

Even were that not a problem, at the heart of the allegations in the complaint is a claim that each of the plaintiffs has been unlawfully required to register as a violent sex offender, and that because the statute requiring registration, variously specified in the complaint as Ind. Code § 11-8-8, § 5-2-12 (DE # 1 at ¶ 2) or Ind. Code § 35-42-4-1 (*Id.* at ¶ 2) does not apply retroactively, and the plaintiffs' convictions were before then. Besides Eleventh Amendment immunity, the roadblock is that the possible retroactive application of state offender registration laws doesn't violate the United States

---

[2] Plaintiffs Darnell Watkins and Kendall Warner appear to have been convicted of murder in a joint trial. *Watkins v. State*, 446 N.E.2d 949 (Ind. 1983).

Constitution or federal law, *Smith v. Doe*, 538 U.S. 84 (2003), and so the plaintiffs don't have a claim. This is not to say they might not have a claim under Indiana law, an issue on which this court expresses no opinion; but if they do, any such claim must be brought in state court,[3] not here.

Even if this defect did not exist, the complaint utterly fails to state any plausible claim against any of the private defendants named in either the caption or the body of the complaint. Other than throwing a conclusory label of "conspiracy" into the pot against them all, the only thing the complaint says about MasterCard, American Express and Visa is that they process payments for the websites; the only thing said about Google and the other website "publishing network system[s]," (DE # 1 at ¶ 2) is that they "make money" by publishing the registration information provided by the state; the only thing said about the various individual persons named in the body of the complaint is . . . nothing.[4] The court is not aware of any legal theory which could be used to impose liability on any of that alleged conduct. Therefore, the complaint fails to state any non-frivolous claim against any of the private corporate or individual defendants.

---

[3] Unless, that is, plaintiffs also had some valid federal claim; then possibly the state-law claim could be brought within the court's supplemental jurisdiction.

[4] From the summonses provided, it appears that these individuals may be employed by one of the corporate entities.

5

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). As to the State of Indiana and Lake County, this dismissal is without prejudice to any possible state claims. As to the remaining defendants, the dismissal is with prejudice.

**SO ORDERED.**

Date: March 7, 2014

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT